### State v. Bowman
*[Cite as 6 AOA 57]*

Case No. 5-90-11
Hancock County, (3rd)
Decided August 6, 1990

*Randall M. Dana, Ohio Public Defender, Robert D. Head, Robert J. Lilko, Ohio Public Defender Commission, 8 East Long Street, 11th Floor, Columbus, Ohio 43266-0587, for Appellant.*

*Robert A. Beutler, Jr., City Prosecutor, 314 West Crawford Street, Findlay, Ohio 45840, for Appellee.*

COLE, J.

This is an appeal from a judgment by the Municipal Court of Findlay, Ohio, of the defendant-appellant, from a judgment of conviction and sentence for the offense of leaving the scene of an accident in violation of R.C. 4549.02.

The underlying facts pertaining to this offense are not here relevant as the sole assignment of error relates exclusively to the sentence imposed. It is important only to note the fact that at the time of sentencing the defendant was serving a sentence at the Piqua Correctional Institution for counts of forgery (Tr13). In his sentence the trial court included the following:

"*** the Defendant shall serve six months in the Hancock County Justice Center, pay a fine of $1,000.00 and court costs. This sentence will be ordered served following the Defendant's release from the custody of the Ohio Department of Correction where he is now serving time."

The defendant duly objected to that portion of the judgment making the serving of the misdemeanor sentence consecutive to the serving of his current felony sentence upon the ground that this action directly violates the limitation on the sentencing discretion of a trial court imposed by the legislature in R.C. 2929.41(A) which reads as follows:

"Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal penal or reformatory institution."

The trial court disregarded the objection and the defendant now appeals asserting a single assignment of error:

"THE TRIAL COURT ERRED BY IMPOSING A SENTENCE OF IMPRISONMENT FOR A MISDEMEANOR TO BE SERVED CONSECU-TIVELY TO A SENTENCE OF IMPRISON-MENT FOR A FELONY SERVED IN A STATE PENAL INSTITUTION."

We first note that the appellee has failed to file any brief in response to the appellant's brief and has been denied, as a result, oral argument. App. R. 18(C) reads as follows:

"If an appellant fails to file his brief within the time provided by this rule, or within the time as extended, the court may dismiss the appeal. If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

We have carefully read the appellant's brief and find that it reasonably appears therefrom that this court should reverse the sentencing by the trial court as to the consecutive service of the misdemeanor sentence with the pre-existing felony sentence.

The sentencing discretion of a trial court in a criminal case is limited and circumscribed by parameters imposed by the legislature. *State v. Bearsley* (1984), 14 Ohio St. 3rd 74, 75. Here the legislature has clearly imposed such parameters and in "any case" misdemeanor sentences are to be served concurrently with any sentence for a felony. No distinction is made between pre-existing or concurrent felony sentence. As to either the statute is applicable.

The sole exception would be in R.C. 2929.41(B). However, only one portion of that statute is relevant.

"(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

"(1) When the trial court specifies that it is to be served consecutively;

"*** ."

However, this is general in scope and the last sentence of paragraph A is specific and, as noted, applies in "any case."

Other courts have arrived at this same conclusion. *City of Cleveland v. Brown* (1988), unreported decision, Cuyahoga App. Case No. 54429; *State v. Meister* (1987), unreported decision in Hamilton County App. Case No. C-869779 it is said:

"The court apparently felt that the provisions of Division (B)(1) of R.C. 2929.41 control the provisions of Division (A) and that a court may in its discretion order any sentences to be served consecutively to any other sentences, irrespective of whether they are for misdemeanors or felonies or both. We do not read the statute to allow that. The phrase '[i]n any case' discloses to us the plain meaning of the statute to be that while there are some exceptions noted in Division (B) of R.C. 2929.41 to the general rule that sentences shall be served concurrently, nevertheless misdemeanor sentences shall in any and all events be served concurrently with any felony sentence. *** ."

In *State v. Dell* (1987), unreported decision, Butler County App. Case No. 4-13-87, it is stated:

"Because of the General Assembly's use of the words 'shall' and 'in any case' in the second sentence of R.C. 2929.41(A), we find the first sentence of R.C. 2929.41(A), which provides for exceptions to the general rule of concurrency of sentences, does not apply in misdemeanor cases. Accordingly, we conclude that where an offender is imprisoned in a state or federal penal or reformatory institution and is convicted of a misdemeanor while so imprisoned, a trial court has no discretion, by virtue of R.C. 2929.41(A), to impose a misdemeanor imprisonment sentence consecutively to that of the already existent felony sentence. *** ."

We conclude that the trial court in specifying that the misdemeanor sentence it was imposing should be served consecutively to an existing felony sentence committed error prejudicial to the appellant. In all other particulars the judgment of the trial court is affirmed.

Accordingly, the judgment of the trial court directing consecutive service of the misdemeanor sentence to any existing felony sentence is reversed, and the judgment of the trial court is modified to provide for concurrent service of such sentences. As so modified, the judgment of the trial court is affirmed at the costs of the appellee.

*Judgment modified and, as modified, affirmed.*

BRYANT and EVANS, J.J., concur.

RALPH D. COLE, JR., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.